IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv507
(3:05cr241)

| | |
|---|---|
| WILLIE LEWIS REESE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner's letter challenging the constitutionality of his guilty plea (Doc. No. 1), his addendum to that letter-motion (Case No. 3:05cr241, Doc. No. 34), and form motion to vacate (Doc. No. 2).

The Judgment regarding Reese's conviction and sentence was entered on September 7, 2006. (Case No. 3:05cr241, Doc. No. 19). On or about September 10, 2007, Reese sent the Court a letter challenging the constitutionality of his guilty plea. (Doc. No. 1). On or about September 20, 2007, he sent an addendum to that letter-motion claiming his attorney failed to file a notice of appeal when directed to do so. (Case No. 3:05cr241, Doc. No. 34). On December 17, 2007, Reese filed a form Motion to Vacate, repeating those claims and adding others. (Doc. No. 2).

It is unclear whether Reese intended the first two letters to be considered a motion to vacate under 28 U.S.C. § 2255 and an addendum to that motion, and the form Motion to Vacate as a further supplement to the letters. The Court is required to allow a petitioner the opportunity to express his intent in regard to these various filings. Castro v. United States, 540 U.S. 375, 383

(2003); United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008). In making these determinations, Reese should be aware that the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that § 2255 motions have a one-year limitation period.[1]

Reese should be further aware that second or successive motions under § 2255 generally are prohibited. 28 U.S.C. § 2255. Therefore, a second or successive motion would have to be certified by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244. Certification for second or successive motions to vacate rarely is granted.

It further appears to the Court that the claims in the form Motion to Vacate (Doc. No. 2) may be subject to dismissal as untimely filed. The Fourth Circuit has directed district courts to warn pro se petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period. Hill v. Braxton, 277 F.3d 701,

---

[1] Specifically, the Act provides:
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

706 (4th Cir. 2002); United States v. Sexton, No. 02-6273, slip op. at 1 (4th Cir. Feb. 28, 2003). Here, Reese's conviction and sentence became final on September 21, 2006, when the time for filing a direct appeal expired. United States v. Johnson, No. 99-7005, 2000 WL 37753 (4th Cir. Jan. 19, 2000). Although the letters (Doc. No. 1; Case No. 3:05cr241, Doc. No. 34) were filed within the one-year limitations period, it appears that the claims in Grounds Three and Four of the form Motion to Vacate (Doc. No. 2) are not related to claims in the letters and were not raised until months after the limitations period expired.

**IT IS THEREFORE, HEREBY ORDERED** that within twenty (20) days of the date of this Order, the petitioner shall file a document:

1. stating whether or not he wants this Court to treat his first letter (Doc. No. 1) as a motion to vacate under § 2255, his second letter (Case No. 3:05cr241, Doc. No. 34) as an addendum to that motion, and the form Motion to Vacate (Doc. No. 2) as a supplement; and

2. explaining why he believes the claims in his form Motion to Vacate (Doc. No. 2) should be deemed timely filed.

**IT IS FURTHER ORDERED** that Reese fails timely to respond, the Court will only consider the claims in his form Motion to Vacate (Doc. No. 2) in this habeas proceeding.

Signed: September 17, 2008

Robert J. Conrad, Jr.
Chief United States District Judge